UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, Secretary of the Department of the Interior et al., <br><br> Defendants. | Case No: C-05-5191-JSW <br><br> **STIPULATED SETTLEMENT AGREEMENT** |

**STIPULATED SETTLEMENT AGREEMENT**

Plaintiffs Center for Biological Diversity, Natural Resources Defense Council, Greenpeace, Inc., and Defendants Dirk Kempthorne, Secretary of the Department of the Interior (the "Secretary"),[1] and the U.S. Fish and Wildlife Service (the "Service"), by and through their undersigned counsel, say as follows:

WHEREAS on February 16, 2005 Plaintiff Center for Biological Diversity filed a Petition to List the Polar Bear (*Ursus maritimus*) as a Threatened Species under the Endangered Species Act, 16 U.S.C. §§ 1531 et seq.;

WHEREAS on July 5, 2005, Plaintiffs sent Defendants a letter in which Natural Resources Defense Council and Greenpeace, Inc., joined as Petitioners and submitted additional information in support of the Petition to List the Polar Bear;

WHEREAS on October 11, 2005, Plaintiffs sent Defendants a 60-day Notice Letter of Intent to sue for violating the Endangered Species Act by failing to issue the 90-day petition finding;

WHEREAS on December 15, 2005, Plaintiffs filed a Complaint against Defendants, alleging

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Dirk Kempthorne, Secretary of the Department of the Interior is automatically substituted for his predecessor, Gale A. Norton.

STIPULATED SETTLEMENT AGREEMENT                                                    C-05-5191-JSW

violations of the Endangered Species Act, 16 U.S.C. §§ 1531 et seq., and specifically challenging Defendants' failure to issue a 90-day petition finding on Plaintiffs' Petition to List the Polar Bear submitted on February 16, 2005;

WHEREAS on December 22, 2005, Plaintiffs sent Defendants additional information in support of the Petition to List the Polar Bear;

WHEREAS Defendants issued a positive 90-day finding on the Petition to List the Polar Bear on February 9, 2006, and initiated a status review of the species;

WHEREAS the Endangered Species Act requires that Defendants, following a positive 90-day finding, complete a 12-month petition finding pursuant to 16 U.S.C. § 1533(b)(3)(B) within twelve months of receipt of a petition to list a species;

WHEREAS on March 9, 2006, Plaintiffs sent Defendants a 60-day Notice Letter of Intent to sue for violating the Endangered Species Act by failing to issue a timely 12-month petition finding;

WHEREAS concurrent with the filing of this Stipulated Settlement Agreement ("Agreement") Plaintiffs are filing an amended Complaint against Defendants, alleging violations of the Endangered Species Act, 16 U.S.C. §§ 1531 et seq., and specifically challenging Defendants' failure to issue a timely 12-month petition finding on Plaintiffs' Petition to List the Polar Bear submitted on February 16, 2005;

WHEREAS Plaintiffs and Defendants would likely dispute the date that a 12-month petition finding for the polar bear is legally due, but all Parties desire that Defendants have sufficient time to complete such finding based on the best scientific and commercial data available to the Secretary;

WHEREAS Plaintiffs and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claim, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

**NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:**

1. Pursuant to 16 U.S.C. § 1533(b)(3)(B), Defendants shall complete a 12-month finding on

the February 16, 2005 petition to list the polar bear and submit such finding for publication to the Office of the Federal Register on or before December 27, 2006. Nothing in this paragraph shall be construed to limit the Service's discretion in making the 12-month finding.

2. Defendants shall provide, through counsel, via facsimile or email, a copy of the 12-month finding for the polar bear to Plaintiffs on the day that the finding is on official file at the Office of the Federal Register.

3. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering in to this Agreement, Plaintiffs and Defendants do not waive any claim or defense.

4. Upon approval of this Agreement by the Court, Plaintiffs' Amended Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), and that dismissal shall apply to and be binding upon the parties hereto and anyone acting on their behalf, including successors, employees, agents, elected and appointed officers, and assigns.

5. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375(1994).

6. Defendants assert that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duties to issue petition findings are required in non-discretionary terms by the Endangered Species Act and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs reserve the right to assert this position if Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to such a claim.

7. In the event that pursuant to the preceding paragraph either party seeks to modify the deadline for the action specified in Paragraph 1 or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 8.

8. In the event of any dispute, claim, or controversy arising out of or relating to this Agreement or an alleged breach thereof, the parties shall use their best efforts to settle the controversy. To this effect, the party raising the dispute shall give written notice to the other party stating the nature of the matter to be resolved and the position of the party asserting the controversy. The parties shall consult and negotiate with each other in good faith and, recognizing their mutual interests, attempt to reach a just and equitable solution satisfactory to all parties. If the parties do not resolve the controversy to their mutual satisfaction within ten (10) working days from the date on which the notice of controversy is delivered, the aggrieved party may file a motion for relief to be adjudicated by the Court. The party filing such motion may request an expedited briefing schedule and a hearing date to be set by the Court.

9. Subject to the qualifications in Paragraph 6, no provision of this Agreement shall be interpreted or constitute a commitment or requirement that the Defendants take action in contravention of the Endangered Species Act, the Marine Mammal Protection Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to Defendants by the Endangered Species Act, the Administrative Procedure Act, or any general principles of administrative law with respect to the procedures to be followed in developing the 12-month petition finding, or as to the substance of the 12-month petition finding.

10. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for completion of a 12-month petition finding on any other proceeding regarding Defendants' implementation of the Endangered Species Act.

11. Defendants agree that Plaintiffs are "prevailing parties" in this action, and agree to pay Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g). Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees for the claims in the Amended Complaint for a total of $ 22,400. A check will be made payable in that amount to:

> Center for Biological Diversity
> c/o Kassia Siegel
> P.O. Box 549
> Joshua Tree, CA 92252
> Tel: (760) 366-2232

12. Defendants agree to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

13. Plaintiffs agree to accept payment of $22,400 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

14. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs related to this litigation, through and including the date of this agreement.

15. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

16. By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

17. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

18. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

DATE: June 27, 2006                    Respectfully Submitted,

CENTER FOR BIOLOGICAL DIVERSITY and GREENPEACE, INC.

By: /s/ Kassia R. Siegel
Adam F. Keats (CA Bar No. 191157)
Brendan Cummings (CA Bar No. 193952)
Kassia R. Siegel (CA Bar No. 209497)
Center for Biological Diversity

NATURAL RESOURCES DEFENSE COUNCIL

By: /s/ Andrew E. Wetzler
Andrew E. Wetzler (CA Bar No. 202299)
Katherine S. Poole (CA Bar No. 195010)
Natural Resources Defense Council

SUE ELLEN WOOLDRIDGE,
Assistant Attorney General
JEAN E. WILLIAMS,
Section Chief
LISA LYNNE RUSSELL,
Assistant Section Chief

By: /s/ Paul D. Lall
PAUL D. LALL, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0201
Facsimile: (202) 305-0275


KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON, Chief, Civil Division (SBN 88143)
JAMES A. CODA (SBN 1012669 (WI))
Assistant United States Attorney
Northern District of California
10th Floor, Box 36055
450 Golden Gate Avenue
San Francisco, CA 94102
Tel: 415-436-6967
Fax: 415-436-6748

Attorneys for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____
Jeffrey S. White
United States District Court Judge

STIPULATED SETTLEMENT AGREEMENT                                        C-05-5191-JSW